IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:10-CV-0173-MR-DCK

| | |
|---|---|
| RES-NC SETTLERS EDGE, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SETTLERS EDGE HOLDING ) <br> COMPANY, LLC;  MOUNTAIN AIR ) <br> DEVELOPMENT CORPORATION; ) <br> VIRGINIA A. BANKS;  WILLIAM R. ) <br> BANKS;  JEANI H. BANKS; MICHAEL ) <br> R. WATSON;  SHEREE B. WATSON; ) <br> MORRIS ATKINS, in his capacity as ) <br> TRUSTEE of William A. Banks ) <br> Revocable Trust, as Amended and ) <br> Restated;  MORRIS ATKINS in his ) <br> capacity as TRUSTEE of William Banks ) <br> Family Irrevocable Trust Number 1;  and ) <br> MORRIS ATKINS in his capacity as ) <br> TRUSTEE of William Banks Family ) <br> Irrevocable Trust Number 2, ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM AND** <br> **RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss For Lack Of Subject Matter Jurisdiction" (Document No. 14).  This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for review.  Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be denied.

## I. BACKGROUND

Plaintiff RES-NC Settlers Edge, LLC ("Plaintiff") filed the "Complaint" (Document No. 1) in this action on August 19, 2010, against Settlers Edge Holding Company, LLC, Mountain Air Development Corporation, Virginia A. Banks, William R. Banks, Jeani H. Banks, Michael R.

Watson, Sheree B. Watson, Morris Atkins as Trustee of William A. Banks Revocable Trust, and Morris Atkins as Trustee of William Banks Family Irrevocable Trust Nos. 1 and 2 ("Defendants"). The Complaint asserts claims for: (1) breach of borrower's payment obligation; (2) breach of guaranties; (3) unjust enrichment; and (4) injunctive relief against the guarantors. (Document No. 1, pp. 12-17). Plaintiff contends that Defendant Settlers Edge Holding Company, LLC ("Settlers Edge") has failed to repay nearly $13,000,000 in principal borrowed in 2007 and 2008 and thus seeks to obtain a judgment against Settlers Edge, and to enjoin the remaining Defendants, also referred to by Plaintiff as the "Guarantors." (Document No. 1, pp.2, 4).

The Complaint states that this "Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000 and because there is complete diversity of citizenship between Plaintiff" and Defendants. (Document No. 1, p.4). Plaintiff is a Florida limited liability company with its principal place of business in Dade County, Florida, and is solely owned by Multibank 2009-1 RES-ADC, LLC ("Multibank"), a Delaware limited liability company. (Document No. 1, p.2). Multibank has two owners: (1) 40% is owned by RL RES 2009-1 Investments, LLC, a Delaware limited liability company with its principal place of business in Miami, Florida; and (2) 60% is owned by the Federal Deposit Insurance Corporation ("FDIC"), an independent agency of the federal government. (Document No. 23, p.2). Defendants are all North Carolina citizens, with the exception of Morris Atkins (the "Trustee") who is a resident of South Carolina. (Document No. 1, pp.2-3).

The Complaint provides that on June 20, 2007, Integrity Bank ("Original Lender"), a financial institution chartered by the State of Georgia, made a loan to Settlers Edge in the original principal amount of up to $15,500,000.00 (the "Loan") to refinance, develop, and construct a residential real estate project (the "Project"). (Document No. 1, p.4). "On August 29, 2008, upon

the petition of the Georgia Department of Banking and Finance," the FDIC "was appointed as Receiver for the Original Lender." (Document No. 1, p.7). On or about February 9, 2010, the FDIC assigned all of Original Lender's rights, title and interests in and to the Loan to Multibank. (Document No. 1, p.7; Document No. 1-6). Subsequently, on or about May 3, 2010, Multibank assigned all of its rights, title and interests in and to the Loan to Plaintiff. (Document No. 1, p.8; Document No. 1-7).

On October 18, 2010, Defendants filed the now pending "Motion To Dismiss For Lack of Subject Matter Jurisdiction" (Document No. 14) and their "...Memorandum In Support..." (Document No. 15). Plaintiff filed its "Response..." (Document No. 21) on November 14, 2010; "Defendants' Reply Memorandum..." (Document No. 22) was filed November 15, 2010; and "Plaintiff's Sur-Reply Brief In Opposition..." (Document No. 27) was filed December 1, 2010. This matter was referred to the undersigned on January 5, 2010, and is now ripe for consideration and a recommendation.

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the

3

material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

### III. DISCUSSION

Defendants contend that the Complaint should be dismissed for lack of subject matter jurisdiction because the FDIC is a member of Multibank and that federal courts do not have subject matter jurisdiction over the FDIC because the FDIC is a federally chartered corporation with no state citizenship. (Document No. 14, p.2; Document No. 15, p.2). Defendants contend that the "FDIC's membership interest in Plaintiff through Multibank is fatal to Plaintiff's claim of subject matter jurisdiction on the basis of diversity of citizenship." (Document No. 15, p.4).

"For the purpose of ascertaining whether diversity exists, the 'citizenship' of the parties must be determined." Mecklenburg County v. Time Warner Entertainment, 3:05cv333-MR-DCK, 2010 WL 391279 at * 1 (W.D.N.C. Jan. 26, 2010). Here, there is no dispute that Plaintiff is a limited liability company, and that one of its members, Multibank, is also a limited liability company, and that Multibank's membership includes the FDIC. "A limited liability company is a citizen of all states in which its constituent members are citizens." Asheville Postal Credit Union v. Terra Firma Information Technology, LLC, 1:10cv249-MR-DLH, 2010 WL 4625915 at *2 (W.D.N.C. Nov. 4, 2010) (citing Carden v. Arkoma Associates, 494 U.S. 185 (1990)); see also, General Technology Applications, Inc. v. Exro Ltda, 388 F.3d 114, 120 (4th Cir. 2004). The question before the Court is whether the FDIC's connection to this lawsuit somehow defeats complete diversity between the parties therefore prevents subject matter jurisdiction.

Defendants primarily rely on Federal Deposit Ins. Corp. v. La Rambla, 791 F.2d 215, 221 (1st Cir. 1986) for their contention that the FDIC cannot enjoy diversity jurisdiction. La Rambla

4

addressed a question of whether the defendant in that case could pursue a counterclaim against the FDIC. La Rambla, 791 F.2d at 219. The First Circuit opined in part that:

> La Rambla does not claim the existence of "diversity jurisdiction," 28 U.S.C. § 1332, and, for good reason since the federal courts have uniformly denied it. See, e.g., FDIC v. Sumner Financial Corp., 602 F.2d 670, 677 (5th Cir.1979) (section 1823(e) implicitly forbids suit against FDIC as receiver brought under general grant of jurisdictional authority, such as statute providing for diversity jurisdiction). FDIC v. National Surety Corp., 345 F.Supp. 885, 887-88 (S.D.Iowa 1972) (no diversity jurisdiction in suit against FDIC as receiver because FDIC, as a federally chartered corporation, is not 'citizen of a state'). See Federal Intermediate Credit Bank of Columbia, S.C. v. Mitchell, 277 U.S. 213, 214 (1928) (state citizenship does not result from the mere creation of a corporation under federal law) . . .
> Since section 1823(c) bars a counterclaim against the FDIC as corporation, and there is no jurisdictional base for a claim against the FDIC as receiver, we conclude that the district court properly dismissed La Rambla's counterclaim.

La Rambla, 791 F.2d at 221 (citations omitted).

In another decision addressing the FDIC and federal jurisdiction, the First Circuit compared La Rambla "with F.D.I.C. v. Elefant, 790 F.2d 661, 666 (7th Cir. 1986)(noting that it is not clear whether jurisdiction exists 'where there would have been diversity between the bank and the adverse parties,' and concluding that 'there is no reason to think that Congress demanded that claims properly in federal court without regard to the FDIC be sent to state courts.')." DeMars v. First Service Bank For Savings, 907 F.2d 1237, 1241 (1st Cir. 1990). In DeMars, the First Circuit found that "the latter issue was settled in favor of conferring federal court jurisdiction." Id. DeMars appears to have relied on the "Rule of construction" added to 12 U.S.C. § 1819(b)(2).

12 U.S.C. § 1819 provides that the FDIC has the power to "sue and be sued, and complain and defend, by and through its own attorneys, in any court of law or equity, State or Federal." 12 U.S.C. 1819 (a). The statute further provides that:

5

> (2) Federal court jurisdiction
>
>> (A) In general
>>
>> Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.
>> . . .
>> (D) State actions
>>
>> Except as provided in subparagraph (E), any action--
>>
>>> (i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
>>> . . .
>>
>> shall not be deemed to arise under the laws of the United States.
>>
>> (E) Rule of construction
>>
>> Subparagraph (D) shall not be construed as limiting the right of the Corporation to invoke the jurisdiction of any United States district court in any action described in such subparagraph if the institution of which the Corporation has been appointed receiver could have invoked the jurisdiction of such court.

12 U.S.C. § 1819(b)(2).

In the DeMars decision, the First Circuit concluded that "[t]he above language makes it plain that the 'state action' exception does not limit the FDIC's right to invoke the jurisdiction of the district court, since First Service, as the 'institution of which the Corporation has been appointed receiver,' could have 'invoked the [diversity] jurisdiction' of the district court." DeMars, 907 F.2d at 1241-1242.

Neither any party in this case, nor the Court, has identified any decision within the Fourth Circuit directly addressing this issue. The Fourth Circuit did seem to reach a similar conclusion to

6

that of the First Circuit in DeMars in a civil action where the Plaintiff FDIC, as receiver for a bank, brought a lawsuit in federal court. F.D.I.C. v. Bakkebo, 506 F.3d 286 (4th Cir. 2007). In Bakkebo, the Fourth Circuit found that federal jurisdiction was proper pursuant to 12 U.S.C. 1819(b)(1) and (b)(2)(A). Bakkebo, 506 F.3d at 291 n.5.

In its response to the motion to dismiss, Plaintiff emphasizes the same statutory language as the DeMars decision and argues that this language preserves the FDIC's right to invoke the same diversity jurisdiction as the failed bank. (Document No. 21, p.5). Plaintiff contends that since the failed bank in this case was chartered by the State of Georgia, and none of the Defendants are residents or citizens of Georgia, then diversity jurisdiction is appropriate. Id. In its sur-reply, Plaintiff recognizes that "[w]hile section 1819 does not make the FDIC a citizen of any state, subsection 1819(b)(2)(E) establishes Congress' acknowledgement that the FDIC can be diverse and specifically preserved this diversity jurisdiction with respect to the limitations to jurisdiction in subsection 1819 (b)(2)(D)." (Document No. 27, p.4). Plaintiff also argues that the cases Defendants cite involve dictum and that Defendants have failed to cite any binding precedent of the Supreme Court, the Fourth Circuit, or any district court in the Fourth Circuit. (Document No. 27, p.2).

In its sur-reply, Plaintiff cites FDIC v. Lindquist & Vennum, 702 F.Supp. 749 (D.Minn. 1989), as additional support for its argument that the FDIC can assert diversity jurisdiction by relying on the citizenship of a bank in receivership. (Document No. 27, p.3).

> As pointed out by the plaintiff, neither Elefant nor Sumner is directly on point. In both cases, the FDIC claimed that its citizenship was the District of Columbia, its physical location. For sound reasons of policy, these courts determined that the FDIC as receiver should not be allowed to transplant cases which would have been state cases absent the receivership into federal court on the basis of diversity jurisdiction. However, the court in Elefant explicitly stated that its ruling did not determine whether the FDIC could claim diversity

> jurisdiction in cases where the bank in receivership and defendant were citizens of different states. Elefant, 790 F.2d at 666.
>
> The court went on to suggest that in such cases, diversity jurisdiction could properly be invoked by the FDIC:
>
>> Although § 1819 prevents the migration of state claims to federal courts because of the presence of the FDIC, there is no reason to think that Congress demanded that claims properly in federal court without regard to the FDIC be sent to state courts.
>
> Id. There is no reason to read § 1819 so broadly that the FDIC as receiver has fewer rights than the bank in receivership, consequently, defendant's argument on this point must be rejected.

Lindquist & Vennum, 702 F.Supp. at 751.

In conclusion, Defendants have failed to support their motion with persuasive authority that because the membership of a member of the Plaintiff limited liability company includes the FDIC, there cannot be complete diversity between the parties. Although there does not appear to be any binding precedent from this Circuit specifically on the issue before the Court, the undersigned is guided by the DeMars and Lindquist decisions, as well as 12 U.S.C. 1819, in finding that there is complete diversity between Plaintiff and Defendants in this case.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion To Dismiss For Lack Of Subject Matter Jurisdiction" (Document No. 14) be **DENIED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of

same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Martin Reidinger.

**IT IS SO RECOMMENDED**.

Signed: February 16, 2011

David C. Keesler
United States Magistrate Judge