# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv173

| | |
|---|---|
| **RES-NC SETTLERS EDGE, LLC,** a Florida limited liability company, )<br>)<br>) | |
| Plaintiff, )<br>) | |
| vs. ) | **O R D E R** |
| ) | |
| **SETTLERS EDGE HOLDING COMPANY, LLC,** a North Carolina limited liability company; **MOUNTAIN AIR DEVELOPMENT CORPORATION,** a North Carolina corporation; **VIRGINIA A. BANKS,** an individual; **WILLIAM R. BANKS,** an individual; **JEANI H. BANKS,** an individual; **MICHAEL R. WATSON,** an individual; **SHEREE B. WATSON,** an individual; **MORRIS ATKINS,** in his capacity as **TRUSTEE OF WILLIAM A. BANKS REVOCABLE TRUST, AS AMENDED AND RESTATED; MORRIS ATKINS** in his capacity as **TRUSTEE OF WILLIAM BANKS FAMILY IRREVOCABLE TRUST NUMBER 1**; and **MORRIS ATKINS,** in his capacity as **TRUSTEE OF WILLIAMS BANKS FAMILY IRREVOCABLE TRUST NUMBER 2,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 14], the Memorandum and Recommendation of the Magistrate Judge as to that Motion [Doc. 29], and the

Defendants' Objection thereto. [Doc. 30].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, United States Magistrate Judge David C. Keesler was designated to consider the motion and to submit recommendations for its disposition.

On February 16, 2011, the Magistrate Judge filed a Memorandum and Recommendation in which he recommended denying the motion to dismiss. [Doc. 29]. The Defendants timely filed objections to that recommendation. [Doc. 30].

## STANDARD OF REVIEW

A district court reviews specific objections to a Memorandum and Recommendation under a de novo standard. 28 U.S.C. §636(b). "Parties filing objections must specifically identify those findings objected to." Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir.1987), overruled on other grounds Douglass v. United Ervs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996). If a party makes only general objections, de novo review is not required. Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir. 1997) (boilerplate objections will not avoid the consequences of failing to object altogether). "Section 636(b)(1) does not countenance a form of generalized

objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." United States v. Midgette, 478 F.3d 616, 621 (4th Cir.), cert. denied 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (emphasis in original).

A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's jurisdiction over the subject matter of the plaintiff's complaint. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991), cert. denied 503 U.S. 984, 112 S.Ct. 1667, 118 L.Ed.2d 388 (1992). The Plaintiff has the burden of proving that subject matter jurisdiction exists. Piney Run Preservation Ass'n v. County Com'rs of Carroll County, Md., 523 F.3d 453, 459 (4th Cir.), cert. denied 129 S.Ct. 258, 172 L.Ed.2d 146 (2008) (citation omitted).

"When presented with a Rule 12(b)(1) motion, district courts are permitted to consider materials outside the pleadings and the [parties] presented such materials in this case." Id. at 459 n.6, citing Suter v. United States, 441 F.3d 306, 310 (4th Cir.), cert. denied 549 U.S. 887, 127 S.Ct. 273,

3

166 L.Ed.2d 152 (2006). A motion to dismiss for lack of subject matter jurisdiction should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Evans v. B.F. Perkins, Inc., 166 F.3d 642 (4th Cir. 1999), quoting Richmond, Fredericksburg & Potomac R.Co., 945 F.2d at 768.

## DISCUSSION

The Magistrate Judge concluded that this Court has subject matter jurisdiction based on diversity of citizenship. It is to this conclusion that the Defendants object.

The jurisdiction of federal courts is limited to that set out by the Constitution or by statute. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. §1332 and 12 U.S.C. §1819(b)(2).

The citizenship of the respective parties is quite convoluted, but the salient facts are as follows. The Federal Deposit Insurance Corporation (FDIC) is a member and 60% owner of a limited liability company (LLC), which LLC is the sole owner of the Plaintiff. FDIC assumed that ownership position

4

as the receiver for Integrity Bank, a Georgia corporation. The citizenship of the other members lies in Florida and Delaware.[1] The citizenship of all the Defendants lies in North Carolina and South Carolina.[2] On these facts, there is diversity of citizenship to support Federal jurisdiction, unless the presence and ownership interest of FDIC destroys diversity.

The Plaintiff argues and the Magistrate Judge concluded that FDIC

---

[1] The Plaintiff, Settlers Edge, is a Florida limited liability company which is solely owned by Multibank, a Delaware limited liability company. [Doc. 23, at 1]. Multibank has two owners: (1) RL RES 2009-1 Investments, LLC, a Delaware limited liability company located in Florida, which owns 40% of the equity in Multibank; and (2) the FDIC, which owns 60% of the equity in Multibank. [Id.]. RL RES 2009-1 Investments, LLC is wholly owned by RL RES 2009-1, LLC (the Parent), a Delaware limited liability company located in Florida. [Id., at 2]. The Parent has two owners: (1) Rialto RL RES 2009-1, LLC (the Grandparent), a Delaware limited liability company located in Florida; and (2) Lennar Distressed Investments, LLC, a Delaware limited liability company located in Florida. [Id.]. The sole owner of the Grandparent is Rialto Capital Holdings, LLC, a Delaware limited liability company located in Florida. [Id.]. The sole owner of Lennar Distressed Investments, LLC is Lennar Corporation, a Delaware corporation doing business in Florida. [Id.]. The sole owner of Rialto Capital Holdings, LLC is Rialto Capital Management, LLC, a Delaware limited liability company located in Florida, and the sole owner of Rialto Capital Management, LLC is Jeffrey Krasnoff, a Florida resident. [Id., at 3].

[2] The Defendants have the following citizenships: (1) Settlers Edge Holding Company, LLC (Holding) is a North Carolina limited liability company; (2) Mountain Air Development Corporation (Mountain Air) is a North Carolina corporation which solely owns Holding; (3) The individual Defendants are all domiciled in North North Carolina. (4) Morris Atkins, the Trustee of the trusts at issue, is a South Carolina resident. [Doc. 1, at 2-3; Doc. 23, at 3]. A trust's citizenship is that of the trustee, rather than the beneficiary, for purposes of diversity. Erlich v. Ouellette, Labonte, Roberge and Allen, P.A., 637 F.3d 32, 34 n.2 (1st Cir. 2011) (a trust is a citizen of whatever states its trustees are citizens); Grede v. Bank of New York Mellon, 598 F.3d 899, 901 (7th Cir. 2010), cert. denied 131 S.Ct. 418, 178 L.Ed.2d 323 (2010); Ritter v. Ritter, 396 Fed.Appx. 30 (4th Cir. 2010), cert. denied __ S.Ct. __, 2011 WL 766637 (2011); Wachovia Mortgage Corp. v. Poindexter, 2010 WL 2180851 (W.D.N.C. 2010).

"steps into the shoes" of Integrity Bank as its receiver, and thus is counted in the diversity calculus as having Georgia citizenship. Based thereon both the Plaintiff and the Magistrate Judge concluded that there is complete diversity and therefore this Court has jurisdiction. [Docs. 29, 36]. The Magistrate Judge relied on 12 U.S.C. §1819(b)(2)(E), as construed in <u>Demars v. First Service Bank for Sav</u>., 907 F.2d 1237 (1st Cir. 1990), and <u>Federal Deposit Ins. Corp. v. Lindquist & Vennum</u>, 702 F.Supp. 749 (D.Minn. 1989), to reach his conclusion.

Section 1819 reads in pertinent part:

(2) Federal court jurisdiction

(A) In general

Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States.
. . .
(D) State actions

Except as provided in subparagraph (E), any action --

(i) to which the [FDIC], in [its] capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
. . .
shall not be deemed to arise under the laws of the United States.
. . .
(E) Rule of construction

> Subparagraph (D) shall not be construed as limiting the right of the [FDIC] to invoke the jurisdiction of any United States district court in any action descibed in such subparagraph if the institution of which the [FDIC] has been appointed receiver could have invoked the jurisdiction of such court.

The Court in Demars held that "[t]he above language makes it plain that the 'state action' exception does not limit the FDIC's right to invoke the jurisdiction of the district court, since First Service, as the 'institution of which the [FDIC] has been appointed receiver' could have 'invoked the [diversity] jurisdiction' of the district court." Demars, 907 F.2d at 1241-42.

The language of §1819(b)(2), however, does not support extending that conclusion to the facts of this case. In subpart (A) the statute advises that "all suits of a civil nature . . . to which the [FDIC], in any capacity is a party shall be deemed to arise under the laws of the United States." 12 U.S.C. §1819(b)(2)(A). In other words, if FDIC is a party to a civil action, there is a conclusive presumption that a federal question is presented. This is, of course, a legal fiction, because the disputes presented in such suits can ordinarily be matters of state law.

Subsection (D) provides an exception to this rule regarding the imputation of a federal question. It reads "any action . . . to which the [FDIC] in [its] capacity as receiver . . . is a party other than plaintiff, . . . shall not be

deemed to arise under the laws of the United States." 12 U.S.C. §1819(b)(2)(D). In other words, if the FDIC is a party, but not a plaintiff, and it is acting as receiver, then there is no special conclusive presumption that a federal question is presented.

Subsection (E) provides an exception - to the exception. The statute specifically identifies this subsection as a "Rule of construction." 12 U.S.C. §1819(b)(2)(E). It reads: "Subsection (D) shall not be construed as limiting the right of [FDIC] to invoke the jurisdiction of any United States district court ***in any action described in such subparagraph*** if the institution of which the [FDIC] has been appointed receiver could have invoked the jurisdiction of such court." Id. (emphasis added). This makes clear that the rule of construction applies to allow FDIC to "step into the shoes" of the banking institution only where 1) FDIC is a party, 2) FDIC is not a plaintiff, and 3) FDIC is serving as receiver. Here, the second and third elements are arguably met.[3] The first element, however, is clearly not. The "text [of Section

---

[3] Defendant argues that Plaintiff has presented nothing to the Court to show that FDIC is the receiver of Integrity Bank. [Doc. 30 at 4 n.2]. Plainitff argues that the document to which Defendant cites in its argument shows that FDIC is, in fact, such receiver. [Doc. 36 at 3 n.1]. Defendant's citation is in a link to a website and the document is not otherwise in the record. The burden is on the party invoking the jurisdiction of this Court to present the facts necessary to prove that jurisdiction lies. Piney Run, 523 F.3d at 459. Hence, it raises an interesting question as to whether Plaintiff has met this burden by having left it to the Defendant to present such evidence in a link to a website in the footnote to an objection to the Memorandum and

8

1819(b)(2)] says that it applies in cases where a federal [corporation] 'is a party.' A 'party' is '[o]ne by or against whom a lawsuit is brought.'" Hukic v. Aurora Loan Services, 588 F.3d 420, 429 (7th Cir. 2009). In this case, the FDIC is not a party; it is merely a part owner of the owner of a party. See also, Multibank 2009-1 RES-ADC Ventures, LLC v. CRM Ventures, LLC, 2010 U.S.Dist. LEXIS 100939 (D. Colo. 2010).[4] Therefore, the special jurisdictional rule of 12 U.S.C. §1819(b)(2)(E) that would have allowed FDIC to "step into the shoes" of Integrity Bank does not apply. Citizenship for diversity purposes must be analyzed considering FDIC, not excluding it.

Plaintiff argues that the statutory analysis on this point is not so clear cut, and that the Court is presented with a choice between following the rationale found in Multibank, Id., or that found in Demars, 907 F.2d 1237. The contrary, however, is true. Those two cases are consistent. In Demars the FDIC was a party defendant (i.e. a party, but not as plaintiff) and served as receiver. Hence, under (b)(2)(E), FDIC stepped into the shoes of the bank for which it was a receiver and diversity jurisdiction was present. In Multibank FDIC was not a party. Hence the court ruled that (b)(2)(E) did not apply and

---

Recommendation of the Magistrate Judge. In light of the ruling of the Court herein, that interesting issue need not be addressed.

[4] Multibank, the sole owner of the Plaintiff herein was also the sole owner/member of the plaintiff in that case.

so there was no statutory basis for it stepping into the shoes of the bank, and diversity was destroyed. Both cases are correctly decided and both cases are consistent with this Court's ruling herein.[5]

Since 12 U.S.C. §1819(b)(2) does not provide any basis on which FDIC can step into the shoes of Integrity Bank, the Court must now turn to traditional jurisdictional analysis to determined whether federal jurisdiction lies.

The Plaintiff in this action is a limited liability company of which the FDIC is a member/owner.[6]

> Under 28 U.S.C. §1332, a federal court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.[7] With the exception of certain class actions, Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant. For purposes of diversity

---

[5] On this point Plaintiff's reliance on Lindquist, 702 F.Supp. 749, is misplaced. That case presents a situation completely different from that found here. In Lindquist FDIC was a party plaintiff, unlike the present case where FDIC is neither party nor plaintiff. While it is true that the Lindquist court said that since FDIC was a party and served as receiver it could step into the shoes of the bank for which it substituted, this ignored the "other than as plaintiff" requirement of §1819(b)(2)(D). The court therein did not address the presence of that clause in the statute. However, since FDIC was the *plaintiff* in Lindquist, there was imputed federal question under (b)(2)(A). The analysis regarding "stepping into the shoes" is pure dictum; it had no impact on the outcome of the case. Lindquist turns on the application of a provision that is not at issue here, i.e. (b)(2)(A), and therefore that case is not at all instructive to our present circumstances.

[6] Actually it is a member/owner of Multibank, which is the member/owner of the Plaintiff.

[7] The amount in controversy in this action is not disputed.

> jurisdiction, the citizenship of a limited liability company (such as [the Plaintiff]) is determined by the citizenship of all of its members[.] Further, a corporation ... "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business ... ."

Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011) (citation omitted). In the present case there is complete diversity of citizenship among the parties' owners, other than FDIC. The problem here is that the FDIC is not incorporated under the laws of any state because it is a federally chartered corporation.

> In contrast to state-chartered corporations, the citizenship of federally chartered corporations ... [is not] straightforward. The Supreme Court held in St. Louis & San Francisco Ry. Co. v. James, 161 U.S. 545, 562, 16 S.Ct. 621, 40 L.Ed. 802 (1896), that a state-chartered corporation is a citizen of the state in which it was chartered for diversity jurisdiction purposes. The Court later held that a corporation chartered pursuant to an Act of Congress with activities in different states, on the other hand, was not a citizen of any state for diversity jurisdiction purposes. Bankers' Trust Co. v. Texas & Pacific Ry. Co., 241 U.S. 295, 309-10, 36 S.Ct. 569, 60 L.Ed. 1010 (1916). ... [U]nless a specific statutory provision dictates otherwise, a federally chartered [corporation is] not a citizen of any state, meaning it [is] not eligible for diversity jurisdiction[.]

Hukic, 588 F.3d at 428; A.I. Trade Finance, Inc. v. Petra Intern. Banking Corp., 62 F.3d 1454, 1458-59 (D.C. Cir. 1995); Loyola Fed. Sav. Bank v. Fickling, 58 F.3d 603, 606 (11th Cir. 1995) (federally chartered corporation not a citizen of any state for diversity jurisdiction purposes unless corporation's

activities localized within one state); Hancock Financial Corp. v. Federal Sav. and Loan Ins. Corp., 492 F.2d 1325 9th Cir. 1974) (noting the FDIC has no citizenship in any state for diversity purposes); accord, Northern Virginia Foot & Ankle Associates, LLC v. Pentagon Federal Credit Union, 2011 WL 280983 (D.Md. 2011) (discussing federally chartered corporations).

> The citizenship of a limited liability company ... is the citizenship of each of its members[.] If one member of a limited liability company is "stateless," the limited liability company itself is stateless and jurisdiction cannot be premised on §1332(a) [diversity].

CTGW, LLC v. GSBS, PC, 2010 WL 2739963 **3 (W.D.Wis. 2010), citing ISI International, Inc. v. Borden Ladner Gervais LLP, 316 F.3d 731, 733 (7th Cir 2003), cert. denied 539 U.S. 942, 123 S.Ct. 2608, 156 L.Ed.2d 627 (2003) ("One of [defendant law firm]'s partners is a U.S. citizen domiciled in Canada; she has no state citizenship, so diversity jurisdiction is unavailable."); Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 184 (3rd Cir. 2008); Gladys McCoy Apartments, Ltd. Partnership v. State Farm Fire & Cas. Co., 2010 WL 1838941 **5 (D.Or. 2010) (presence of federally chartered corporation which was not citizen of any state as one of several partners in limited partnership destroyed diversity) (other citations omitted).

Here the ownership interest of FDIC renders the Plaintiff LLC a

"stateless" party. As such, there is no diversity of citizenship among the parties to this action and no jurisdiction lies pursuant to 28 U.S.C. §1332. Further, there is no specially imputed federal question jurisdiction pursuant to 12 U.S.C. §1819(b)(2). Hence, this Court does not have subject matter jurisdiction over this case.

**IT IS THEREFORE ORDERED** that the Memorandum and Recommendation [Doc. 29] is **REJECTED**, the Defendant's Objection [Doc. 30] is **SUSTAINED**, and the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 14] is **GRANTED**, and this matter is **DISMISSED** for lack of subject matter jurisdiction.

Signed: September 3, 2011

Martin Reidinger
United States District Judge